**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE STANDISH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRO-LAB, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Lyle Standish ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge:

## NATURE OF THE ACTION

1. Defendant PRO-LAB, Inc. ("Defendant") called Mr. Standish's cellular telephone at least once using an automatic telephone dialing system, including a call on July 19, 2018 from telephone number (954) 384-4446.

2. Defendant placed these calls with a predictive dialer with the capacity to store and dial a list of telephone numbers without human intervention.

3. Plaintiff did not give Defendant prior express written consent to make these calls.

4. Plaintiff asked Defendant to stop calling him, but Defendant persisted in harassing Plaintiff with repeated unlawful calls.

5. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an Automatic Telephone Dialing System without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").

## PARTIES

6. Plaintiff Lyle Standish is, and at all times mentioned herein was, a resident of North Highlands, California, and a citizen of the State of California.

7. Defendant PRO-LAB, Inc. is, upon information and belief, a Florida Corporation with a principle place of business at 1675 N. Commerce Pkwy., Weston, FL 33326.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed

1  class have a different citizenship from Defendant; and (c) the claims of the proposed class
2  members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C.
3  § 1332(d)(2) and (6).

4      9.    This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331
5  because this action involves violations of a federal statute, the TCPA.

6      10.    Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in
7  this District and a substantial part of the events giving rise to Plaintiff's claims took place within
8  this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.  The Telephone Consumer Protection Act ("TCPA") Of 1991**

11.  In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.  The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13.  The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.  Defendant's Calls to Plaintiff and Class Members**

14.  Defendant has repeatedly called Plaintiff's cellular telephone to advertise its products or services using an automatic telephone dialing system, including a call on July 19, 2018 from telephone number (954) 384-4446.

15. Plaintiff asked Defendant to stop calling, but Defendant persisted.

16. Plaintiff has never consented in writing, or otherwise, to receive autodialed calls from Defendant to his cellphone.

17. Defendant called Plaintiff at least once using an autodialer without his prior express written consent.

18. Specifically, the hardware and software used by Defendant placed the calls at issue with a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers, *en masse*, in an automated fashion without human intervention.

19. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

20. When Plaintiff answered Defendant's call, he heard a momentary pause. This pause is a hallmark of a predictive dialer. According to experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

21. Plaintiff asked Defendant that he not be called anymore, but Defendant kept calling.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

23. Plaintiff proposes the following Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA and/or with an artificial or prerecorded voice; (f) at any time in the period

that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

24. Plaintiff represents, and is a member of, this proposed class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

25. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the class is so numerous that individual joinder would be impracticable.

26. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

27. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed class can be identified easily through records maintained by Defendant.

28. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiff and class members using a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers without human intervention;

   b. Whether Defendant made telephone calls to class members despite previous removal requests;

   c. Whether Defendant's conduct was knowing and/or willful;

CLASS ACTION COMPLAINT                                                                                          4

1           d.   Whether Defendant is liable for damages, and the amount of such damages, and

2           e.   Whether Defendant should be enjoined from engaging in such conduct in the future.

3       29.   Plaintiff asserts claims that are typical of each member of the class because he is a person who received at least one call on his cellular telephone using an autodialer without his prior express written consent.  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

30.   Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

31.   A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

32.   Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**CAUSES OF ACTION**

**FIRST COUNT**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

33.   Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if

CLASS ACTION COMPLAINT                                                                                                      5

fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

37. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and members of the proposed class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members

of the proposed class the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

    d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

    e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

    f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 21, 2018          Respectfully submitted,

                                         **BURSOR & FISHER, P.A.**

                                         By:    */s/ L. Timothy Fisher*
                                                        L. Timothy Fisher

                                         L. Timothy Fisher (State Bar No. 191626)
                                         1990 North California Blvd., Suite 940
                                         Walnut Creek, CA 94596
                                         Telephone: (925) 300-4455
                                         Facsimile: (925) 407-2700
                                         E-Mail: ltfisher@bursor.com

1
2
3
4
5

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28