Joshua Briones (SBN 205293)
jbriones@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
Matthew J. Novian (SBN 324144)
mjnovian@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:   310-586-3202

Attorneys for Defendant Pro-Lab, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE STANDISH on behalf of himself and all others similarly situated,<br><br>                          Plaintiff,<br>     vs.<br><br>PRO-LAB, INC.,<br><br>                          Defendant. | Case No.: 2:18-CV-02604-KJM-DB<br><br>**DEFENDANT PRO-LAB, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE DEFAULT**<br><br>Date:        March 8, 2019<br>Time:       10:00 a.m.<br>Judge:     Hon.   Kimberly J. Mueller<br>Courtroom: 3 – 15th Floor<br><br>Complaint Filed:  September 21, 2018 |

## I.    INTRODUCTION

As this Court has emphasized "the Ninth Circuit's distaste for default judgements cannot be overstated; courts are directed to be 'solicitous towards movants' and deny a motion to set aside default only where 'extreme circumstances' exist." *Broadcast Music Inc. et al. v. MP Restaurants et al.*, 2:13-cv-00420-KJM-DAD Dkt. No. 29 p. 3 (E.D. Cal. 2009); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (noting default judgments are disfavored and cases should be decided upon their merits whenever reasonably possible).  No extreme circumstances warranting denial exist.

Here, good cause exists to set aside the default. Defendant's mistaken belief that it retained counsel[1] to answer the Complaint, qualifies as excusable neglect under the Ninth Circuit's forgiving standard. There are no extreme circumstances in this case. Defendant did not intentionally fail to answer the Complaint. Furthermore, Defendant has presented specific facts regarding its dialing system that support a meritorious defense. Finally, Defendant will not be prejudiced if the default is set aside. Plaintiff will be able to assert its claims after Defendant answers the Complaint or files a dispositive motion.

Courts in this Circuit favor merits-based litigation over default judgement and therefore grant motions to set aside defaults frequently.[2] Even Plaintiff's reply to this motion relies on case law that set aside default judgements. *See* Plaintiff's Reply to Defendant's Motion to Set Aside Default, p. 2 *citing E. & J. Gallo Winery v. Cantine Rallo, S.p.A.*, 430 F. Supp. 2d 1064, 1091(E.D. Cal. 2005) (setting aside default when the delay in responding to the Complaint "was not unreasonably long, Plaintiff will suffer no prejudice, and the proffered 'excusable' neglect, marginal as it is, negates any wrongful purpose.") Accordingly, Defendant respectfully asks this Court to set aside the default and to allow it to fully litigate this claim.

## II.  GOOD CAUSE EXISTS TO SET ASIDE THE DEFAULT

Defendant has demonstrated good cause under the Ninth Circuit's forgiving standard as it has shown (1) it did not engage in culpable conduct leading to the default; (2) it has a meritorious

---

[1] Should the Court require more details regarding this assertion, Defendant respectfully requests an *in camera* meeting at the March 8, 2019 hearing to avoid revealing any privileged communications.

[2] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (judgment by default "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."); *Lexington Insurance Company v. Energetic Lath & Plaster, Inc.,* 2:15-cv-00861-KJM-EFB Dkt. No. 41 (E.D. Cal. Sept. 2015); *Broadcast Music Inc. et al v. MP Restaurants et al*, 2:13-cv-00420-KJM-DAD Dkt. No. 29 (E.D. Cal Dec. 2013) ("The policy favoring judgement on the merits outweighs any cost to plaintiffs incurred in filing their motion for default judgment."); *Shehee v. Ahlin*, 2019 WL 161119 * 3 (E.D. Cal. Jan. 10, 2019) ("resolution of an action on its merits is favored. Resolution by default is not."); *Sintel Systems, Inc. v. FroyoWorld Allston*, 2016 WL 9343760 (C.D. Cal. Dec. 9, 2016) ("Court Grants Mr. Strauss's Motion to Set Aside the Entry of Default Judgment.").

defense as its proprietary system does not qualify as an ATDS; and (3) Plaintiff will not be prejudiced by setting aside the default. *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

### A. There is No Culpable Conduct, Defendant Did Not Intentionally Fail to Answer

As set forth in its Motion, Defendant did not intentionally fail to answer Plaintiff's Complaint or engage in any culpable conduct leading to default. Plaintiff's counterargument is unavailing. In *E. & J. Gallo Winery*, the first case Plaintiff relies upon, this court set aside the default and rejected plaintiff's assertion that defendant engaged in a knowing strategy to deliberately ignore legal proceedings in part because it found that defendant was working on retaining a lawyer and eventually took action to protect itself. 430 F. Supp. 2d at 1090 (E.D. Cal. 2005). Here, as in *Gallo*, Defendant has retained counsel and has taken action to protect itself. Thus, here too, the court should set aside the default.

The second case Plaintiff cites, *Executive Consultative Services, Inc. v. Bernstein*, involves an egregious set of facts that are readily distinguishable. 2012 WL 13019959, at *2 (C.D. Cal. June 7, 2012). In that case, Mr. Bernstein managed to evade service at least 10 ten times at his home for nearly two months; Mr. Bernstein never answered the intercom nor did he ever open the mailbox. Here, Defendant was served 10 days after the Complaint was filed, on Plaintiff's second attempt to effectuate service. Defendant's conduct is not comparable to Mr. Bernstein's.

The Ninth Circuit has adopted a forgiving approach to excusable neglect, accepting even "weak" reasons if they reveal mere "negligence and carelessness, not...deviousness or willfulness." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). For example, in *Bateman*, an attorney was excused from his failure to timely file a pleading because he had to leave the country on fairly short notice and, upon his return, suffered from jet lag and took some time to sort through his mail. Although this was a "weak" reason, it was enough to warrant relief.

Similarly, in *Pincay v. Andrews*, the court found there was excusable neglect where a law firm's calendaring system caused it to misread the filing date for an appeal. 389 F. 3d 853, 859 (9th Cir. 2004). A mere "carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). Here, Defendant did not timely respond to the complaint because it inadvertently thought it had retained counsel. This reason is stronger (or at least the equivalent) than the ones described in *Bateman* and *Pincay*, and thus warrants relief.

### B.  A MERITORIOUS DEFENSE EXISTS

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden...is not extraordinarily heavy." *TCI*, 244 F.3d at 700. The moving party need only assert a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage. *See Id*. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Plaintiff misunderstands this standard and instead argues Defendant has not presented a meritorious defense because there are no documents to support Defendant's ATDS defense. Opp. at 4. As Plaintiff is aware, substantiating evidence is requested during the discovery phase of the litigation, which will not take place unless this court sets aside the default.

Defendant contends that it does not use an ATDS to place phone calls and therefore it could not have violated the TCPA. Regardless of whether equipment has the capacity to store telephone numbers, The FCC has repeatedly confirmed that the defining characteristic of an autodialer is the ability to "dial numbers without human intervention." *ACA Int'l v. FCC*, 885 F.3d 687, 703 (D.C.C. 2018). Further, District Courts in this Circuit routinely consider the human intervention test. *See*

*e.g.*, *Herrick v. GoDaddy.com LLC*, 312 F. Supp. 3d 792 (D. Ariz. 2018) (finding a provider did not use an ATDS where it had to "log into system, create a message, schedule a time to send it, and enter a code to authorize its ultimate transmission."). As stated in Mr. Molina's declaration, the telephone equipment used by Defendant requires actions by a human being to make the call(s).[3] If Defendant demonstrates that its telephonic equipment requires substantial human intervention to place calls, that telephonic system does not qualify as an ATDS, and Defendant will not be liable under the TCPA. Whether the factual allegations are true will be confirmed during discovery and has no bearing on whether this court should set aside the default. Because "the law [to set aside the default] does not require that defendant show it will prevail on its defense," Defendant is not required to provide any additional information at this stage. *Gallo*, 430 F. Supp. 2d at 1092. Defendant has put forth a meritorious defense.

## C. PREJUDICE

Plaintiff has offered no evidence of prejudice beyond the effect of proceeding on the merits if relief from default is granted. Having to try a case on the merits is not, without more, sufficient prejudice. *See TCI*, 244 F.3d at 701 ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."). Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Id*. Plaintiff offers no suggestion that he will not be fully able to prosecute his claims.

Plaintiff has not shown any harm more than a delay in resolution. No evidence has been lost and Defendants have placed an internal litigation hold. Plaintiff will be able to prosecute his claim once the default is set aside. He will not be prejudiced if the default is set aside.

---

[3] Defendant provided a "draft" declaration to Plaintiff's counsel so that the parties could discuss the contents and address any outstanding issues before the declaration was executed by Mr. Molina.

*Righetti v. Authority Tax Services, LLC*, the only case Plaintiff cites in support of his prejudice argument, is inapposite. In *Righetti*, the court granted a Plaintiff's motion for default judgement; unlike here, it did not consider a Defendant's motion to set aside default. 2015 WL 4089799 (July 6, 2015 C.D. Cal.). Analyzing the eight-prong *Eitel* factors, and not the *Falk* factors applicable here, the Court found Plaintiff Righetti would be left without *any* remedy if the motion for default were denied. Nothing in *Righetti* supports the position that without a default judgement a plaintiff will continue to "face harassment at the hands of Defendant." *See* Opp. at 5. Plaintiff faces no prejudice under the *Falk* standard and thus this Court should grant Defendant's motion to set aside the default.

## III.     CONCLUSION

Defendant respectfully asks this court to uphold Ninth Circuit principles and allow it to litigate this case on the merits. There is good cause to set aside the default. Defendant's failure to answer the Complaint was inadvertent and the result of a miscommunication. Furthermore, Defendant's meritorious defense will allow it to dispose of this action. Finally, Plaintiff will not be prejudiced if the Court sets aside the default. For these reasons, the Court should grant Defendant's motion to set aside the default.

Dated:  March 1, 2019                    Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

*/s/ Joshua Briones*

By:   Joshua Briones
      E. Crystal Lopez
      Matthew J. Novian

      Attorneys for Defendant
      PRO-LAB, INC.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I filed the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT** electronically on March 1, 2019, with the Clerk of the United States District Court in the CM/ECF system, which will serve a notice of the filing upon all counsel or parties of record on the email addresses listed on the court website.

*/s/ Joshua Briones*
Joshua Briones