UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE STANDISH, | Case No. 2:18-cv-02604-KJM-DB |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| PRO-LAB, INC., | |
| Defendant. | |

Defendant Pro-Lab, Inc. moves to set aside the default entered against it after it failed to file a responsive pleading. Mot., ECF No. 7-1; *see* ECF No. 6 (Nov. 8, 2018 clerk's entry of default). Plaintiff Lyle Standish opposes, Opp'n, ECF No. 9, and Pro-Lab has filed a reply, ECF No. 11. As explained below, the court resolves the matter on the briefs and GRANTS the motion.

I. <u>BACKGROUND</u>

On September 21, 2018, Standish filed a class action complaint alleging Pro-Lab called his cellular telephone using an automatic telephone dialing system, violating the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ECF No. 1. After filing suit, plaintiff's process server unsuccessfully attempted to serve Pro-Lab on September 26, 2018, with employees at Pro-Lab's front desk refusing to accept service and refusing to provide the process server with the name of Pro-Lab's owner. Opp'n, ECF No. 9, at 2 (quoting Fisher Decl., ECF No. 9-1, Ex. A (affidavit of corporate service)). On October 1, 2018, the process server successfully served Pro-Lab's agent. Opp'n at 2 (citing Ex. A). When Pro-Lab did not timely file a responsive pleading, Standish

1

requested entry of default, which the Clerk of Court entered on November 8, 2018. *Id.*; *see* ECF No. 6.

Pro-Lab now moves to set aside the entry of default. Mot. Citing its lack of in-house counsel, Pro-Lab's chief financial officer, Matthew Adams, declares under penalty of perjury that he mistakenly believed he had retained counsel to represent Pro-Lab in this action after Pro-Lab was served. Mot. at 2 (citing Adams Decl., ECF No. 7-3, ¶¶ 2-3). Pro-Lab received notice of default on December 10, 2018 and only then realized it had not retained counsel. Adams Decl. ¶ 4. Pro-Lab then "immediately" retained its current counsel. *Id.* ¶ 5; *see also* Lopez Decl., ECF No. 7-2, ¶ 2 (current counsel reporting interview of Pro-Lab representatives "on or around December 10, 2018," after being retained). Pro-Lab now moves to set aside the Clerk's entry of default.[1] Mot.

II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause . . . ." Fed. R. Civ. Pro. 55(c). The good cause analysis requires the court to "'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted) (alterations in original). Because "[t]his standard . . . is disjunctive, . . . a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* Even so, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (citations omitted).

III. <u>DISCUSSION</u>

A defendant engages in culpable conduct if it intentionally fails to respond to a suit despite actual or constructive notice of its filing. *Signed Pers. Check No. 730*, 615 F.3d at 1092 (citations omitted). There is no evidence of intentional bad faith that would preclude the court from

---

[1] While both parties refer to setting aside both the default and default judgment, Standish has not yet moved for default judgment.

2

setting aside the default here. Standish makes much of the process server's initial difficulty serving Pro-Lab, but a single unsuccessful service attempt does not establish conduct "culpable and [] unworthy of the 'good cause' exception," as Standish argues, particularly in light of the strong preference to resolve matters on the merits. *See* Opp'n at 3; *Signed Pers. Check No. 730*, 615 F.3d at 1092 (defendant acts "intentionally" only if it acts in bad faith by, for example, acting with "an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'") (citations omitted). Moreover, Standish's complaint that the process server "was forced to leave the [service] documents with . . . an authorized agent of Defendant" instead of serving Pro-Lab's president is unpersuasive; service was effected and plaintiff cites no authority entitling it to serve Pro-Lab's president rather than its authorized agent. *See* Opp'n at 2. Finally, while Standish argues Adams' declaration indicating he erroneously believed Pro-Lab had retained counsel "is not believable," the court is not willing to ignore a sworn declaration simply because Standish finds it makes a "fantastical excuse." *See* Opp'n at 4. Adams' declaration establishes, at worst, Pro-Lab's irresponsibility, but not its bad faith. *See, e.g.*, *Operating Engineers' Health & Welfare Tr. Fund for N. California v. Vortex Marine Constr. Inc.*, No. 17-CV-03614-KAW, 2018 WL 1993392, at *3 (N.D. Cal. Apr. 27, 2018) (finding "defendant's failure to respond was due to a breakdown in internal communications rather than a deliberate decision not to answer" and may establish irresponsibility but not culpability). There is no showing of bad faith sufficient to deny the motion to set aside.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Signed Pers. Check No. 730*, 615 F.3d at 1093 (citation omitted). Here, Pro-Lab contends it has a viable defense because it can show it does not use an automated telephone dialing service, which would negate an essential element of a TCPA claim. *See* Mot. at 4. Pro-Lab's counsel attests to her conversation with Pro-Lab's vice president of operations, Ben Molina, during which Molina purportedly "explained that the telephone equipment used by Pro-Lab is not an auto dialer and instead requires manual dialing of a keypad." Lopez Decl., ¶ 2. Standish faults Pro-Lab for not providing a declaration signed by Molina under penalty of perjury and argues

3

"[a]ccepting these unproven and unsubstantiated assertions is akin to letting the fox guard the henhouse, and falls well short of the specific facts required to substantiate a meritorious defense." Opp'n at 5. But Standish significantly overstates Pro-Lab's burden. Pro-Lab need only "allege sufficient facts that, if true, would constitute a defense . . . ." *Signed Pers. Check No. 730*, 615 F.3d at 1094. It has done so here. Moreover, Pro-Lab's counsel is subject to the high standard articulated in Federal Rule of Civil Procedure 11, providing that by filing a document with the court counsel certifies, among other things, that

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Finally, there is no indication Standish will be prejudiced should the court set aside the default. Standish complains that Pro-Lab continues to call him and that he and other class members are unable to stop the "harassment" unless armed with "the deterrent of a judgment." Opp'n at 6. That Standish will have to litigate this case on the merits to obtain relief does not amount to prejudice.

The motion to set aside the default is GRANTED, and the hearing currently calendared is vacated. The pretrial scheduling conference set for March 8, 2019 remains on calendar.

IT IS SO ORDERED.

DATED: March 4, 2019.

_____
UNITED STATES DISTRICT JUDGE

4