UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE STANDISH,<br><br>            Plaintiff,<br><br>     v.<br><br>PRO-LAB, INC.,<br><br>            Defendant. | No. 2:18-cv-2604 KJM DB<br><br>STATUS (PRETRIAL SCHEDULING)<br><br>ORDER |

        An initial scheduling conference was held in this case on March 8, 2019.  Blair Reed appeared for plaintiff; Matthew Novian appeared for defendant.

        Having reviewed the parties' Joint Status Report filed on March 1, 2019, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I.    <u>SERVICE OF PROCESS</u>

        All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

/////

/////

/////

1

II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

III.    JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331. Jurisdiction and venue are not disputed.

IV.     MOTION TO STAY

Defendant anticipates filing a motion to stay and shall file such motion, after meeting and conferring with plaintiff, within twenty-one (21) days of the scheduling conference.

V.      DISCOVERY

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) have been completed. All discovery shall be completed by **November 29, 2019**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court. While the assigned magistrate judge reviews proposed discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as discussed in more detail below. In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, except that the magistrate judge may modify a discovery cutoff to the extent such modification does not have the effect of requiring a change to the balance of the schedule.

VI.     DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **December 13, 2019**. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). By **January 13,**

1 **2020**, any party who previously disclosed expert witnesses may submit a rebuttal list of expert
2 witnesses who will express an opinion on a subject covered by an expert designated by an adverse
3 party, if the party rebutting an expert witness designation has not previously retained an expert to
4 testify on that subject.  The rebuttal designation shall be accompanied by a written report, which
5 shall also comply with the conditions stated above.

6       Failure of a party to comply with the disclosure schedule as set forth above in all
7 likelihood will preclude that party from calling the expert witness at the time of trial.  An expert
8 witness not appearing on the designation will not be permitted to testify unless the party offering
9 the witness demonstrates: (a) that the necessity for the witness could not have been reasonably
10 anticipated at the time the list was proffered; (b) that the court and opposing counsel were
11 promptly notified upon discovery of the witness; and (c) that the witness was promptly made
12 available for deposition.

13       For purposes of this scheduling order, an "expert" is any person who may be used
14 at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which
15 include both "percipient experts" (persons who, because of their expertise, have rendered expert
16 opinions in the normal course of their work duties or observations pertinent to the issues in the
17 case) and "retained experts" (persons specifically designated by a party to be a testifying expert
18 for the purposes of litigation).  A party shall identify whether a disclosed expert is percipient,
19 retained, or both.  It will be assumed that a party designating a retained expert has acquired the
20 express permission of the witness to be so listed.  Parties designating percipient experts must state
21 in the designation who is responsible for arranging the deposition of such persons.

22       All experts designated are to be fully prepared at the time of designation to render
23 an informed opinion, and give the bases for their opinion, so that they will be able to give full and
24 complete testimony at any deposition taken by the opposing party.  Experts will not be permitted
25 to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition
26 taken subsequent to designation.  All expert discovery shall be completed by **February 14, 2020.**
27 /////
28 /////

VII.     MOTION FOR CLASS CERTIFICATION

Plaintiff plans to move for class certification and shall file her motion for class certification on or before **November 29, 2019.**

VIII.    MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **March 27, 2020.**[1] The parties may obtain available hearing dates by checking Judge Mueller's page on the court's website.

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 230 governs the calendaring and procedures of civil motions; the following provisions also apply:

(a)     The opposition and reply must be filed by 4:00 p.m. on the day due; and

(b)     When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday. Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994).

The court values the importance of training young attorneys. The parties are encouraged to consider assigning oral argument to a young attorney. If a written request for oral argument is filed before a hearing, stating an attorney of four or fewer years out of law school will argue the oral argument, then the court will ordinarily hold the hearing, although the court's schedule and calendar may require the hearing to be reset. Otherwise, the court may find it appropriate in some actions to submit a motion without oral argument.

The court places a page limit of twenty (20) pages on all moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing at least fourteen (14) days prior to the filing of the motion.

/////

---

[1] Note that this date may not correspond to a law and motion calendar date.

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Plaintiff's counsel should carefully evaluate the defendant's contentions as to deficiencies in the complaint and in many instances the party considering a motion should agree to any amendment that would cure a curable defect. Counsel should discuss the issues sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed only to those substantive issues requiring resolution by the court. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer. **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.**

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

IX.     SEALING

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

/////

/////

X.      FURTHER SCHEDULING

The court will set a Final Pretrial Conference date after the resolution of any dispositive motions, or passage of the dispositive motion cutoff, with a trial date being determined at the pretrial conference. The parties should be prepared to confirm a trial date within 60 to 120 days from the date of the final pretrial conference, and should be available for trial accordingly.

XI.     SETTLEMENT CONFERENCE

The parties plan to engage in self-mediation and will report to the court on the results of their efforts by **December 31, 2019**.

No court-convened settlement conference is currently scheduled. A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request. In the event that an earlier court settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing.

Counsel are instructed to have a principal with full settlement authority present at any Settlement Conference or to be fully authorized to settle the matter on any terms. Each judge has different requirements for the submission of settlement conference statements; the appropriate instructions will be sent to you after the settlement judge is assigned.

XII.    MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause. Agreement of the parties by stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

As noted, the assigned magistrate judge is authorized to modify only the discovery dates shown above to the extent any such modification does not impact the balance of the schedule of the case.

/////

XIII.     OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED:  March 20, 2019.

UNITED STATES DISTRICT JUDGE